# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BNB HANA BANK NATIONAL ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>RED MANSION LLC d/b/a NAOMI VILLAGE RESORT<br><br>Defendant. | CIVIL ACTION NO. 14-cv-01664<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiff BNB Hana Bank National Association ("BNB"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on or about August 26, 2014. Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.,* ¶ 3.) Plaintiff BNB alleges it is "a national banking association, with a principal place of business at 250 Fifth Avenue, New York, NY 10001." (*Id*. at ¶ 1.) Defendant Red Mansion LLC ("Red Mansion") is alleged to be "a Pennsylvania limited liability company, with a principal place of business located at 2473 Route 309 North, Mountainhome, PA 18342." (*Id*. at ¶ 2.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club*

*Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiff**

First, the Complaint fails to adequately allege the citizenship of Plaintiff.  As set forth above, Plaintiff alleges it is " Plaintiff BNB alleges it is "a national banking

2

association, with a principal place of business at 250 Fifth Avenue, New York, NY 10001." (*Compl.* ¶ 1.)

A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").  A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, the Complaint only includes facts as to where Plaintiff has *a* principal place of business.  But, to properly plead the citizenship of this corporation, Plaintiff must allege where it has *its* principal place of business.  Because the Complaint does not contain this fact, the Court cannot determine whether there is proper jurisdiction over this action.

B.     **Citizenship of Defendant**

The Complaint fails to adequately aver the citizenship of Defendant Red Mansion, LLC.  As alleged in the Complaint, the Defendant is "a Pennsylvania limited liability company, with a principal place of business located at 2473 Route 309 North, Mountainhome, PA 18342." (*Compl.,* ¶ 2.) Plaintiff pleads the citizenship of this LLC in

3

the same manner in which it incorrectly pleads its own corporate citizenship.  More importantly, however, is that LLC denotes not a corporation, but a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *see also* 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").  Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Here, the Complaint fails to identify the member(s) of Red Mansion, LLC and plead facts regarding the citizenship of those member(s).  Therefore, the Court cannot determine that diversity jurisdiction applies to this entity.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).  However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists.  Plaintiff will be granted twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in this action being dismissed.

September 2, 2014 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge