**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BNB HANA BANK NATIONAL ASSOCIATION,<br><br>  Plaintiff,<br><br>  v.<br><br>RED MANSION LLC d/b/a NAOMI VILLAGE RESORT,<br><br>  Defendant. | CIVIL ACTION NO. 14-cv-1664<br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Defendant Red Mansion d/b/a Naomi Village Resort's ("Red Mansion") Motion for Relief from Judgment (Doc. 23) pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). Defendant seeks relief from the January 13, 2014 entry of Default Judgment by the Clerk of Court in favor of Plaintiff BNB Hana Bank National Association ("BNB") (Doc. 17). That Default Judgment ordered "that Plaintiff recover of defendant the sum of $1,549,023.92, plus interest at the rate of 6% per annum . . . . until date of judgment, and thereafter until paid in full, plus attorney fees and costs, plus costs of suit." (*Id.,* 1.)

Because Plaintiff will not be prejudiced by setting aside this default and default judgment, Defendant has a meritorious defense, and the default was not the result of Defendant's culpable conduct, and because default judgments are disfavored, Defendant's Motion for Relief from Default Judgment will be *granted.*

**I. Background**

Plaintiff BNB initiated this mortgage foreclosure action on August 26, 2014, by filing a Complaint (Doc. 1), later amended (Doc. 6).  BNB alleges that Defendant Red Mansion defaulted on its loan obligations on a piece of property to Plaintiff, a bank.

On November 26, 2014, Plaintiff filed a motion asking for authorization to file an Affidavit of Service based on proper service of Defendant pursuant to FRCP 4 (Doc. 10). Plaintiff requested attorneys' fees and expenses incurred by Defendant's failure to waive service, as well as those incurred in filing the motion. (*Id.*) On December 17, 2014, I granted Plaintiff's motion, deeming that service was proper on Defendant.  (Doc. 11.)  However, I denied Plaintiff's request for attorneys' fees and cost, because it had not demonstrated that the sole member of Red Mansion, LLC, had failed to sign and return the waiver of service request "without good cause," since she was out of the country.  (Doc. 11, 3.)

On January 7, 2015, BNB filed a Request for Entry of Default by Defendant Red Mansion pursuant to FRCP 55(a), as the time within which Defendant could respond to the complaint had expired (Doc. 14).  On January 8, the Clerk of Court entered a Default as to Red Mansion for failure to answer, plead, or otherwise respond to the Complaint (Doc. 15). On January 9, BNB filed an Application for Entry of Default Judgment in its favor against Red Mansion (Doc. 16), which the Clerk of Court entered on January 13 (Doc. 17).

On January 27, Defendant Red Mansion filed the instant motion to vacate the default judgment under FRCP 60(b) (Doc. 23).  On July 6, BNB responded in opposition (Doc. 24). On July 10, each party filed a brief in support of its position (Docs. 25, 26).  On July 14, in response to a request from Defendant, I entered an Order staying the execution of judgment in this action until the instant motion was decided (Doc. 28).

## II. Standard

While a motion to set aside an entry of default is governed by FRCP 55, where a default judgment has been entered, as in this action, it must be set aside under FRCP 60(b). Fed. R. Civ. P. 55(c).  FRCP 60(b) states that the court may relieve a party from a final judgment for reasons of mistake, inadvertence, surprise, or excusable neglect; "the judgment is void" and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1-6).

"According to the Third Circuit, 'the general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Bidlack v. Chesapeake Appalachia, LLC*, 2012 WL 1657934, at *2 (M.D. Pa. May 11, 2012), (quoting *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). The decision to grant relief under FRCP 60(b) is within the sound discretion of the district court.  *Lasky v. Cont'l Prod. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

"Our Court's policy is one 'disfavoring default judgments and encouraging decisions on the merits.'" *Nationwide Mut. Ins. v. Starlight Ballroom Dance Club,* 175 F. App'x 519, 521 (3d Cir. 2006) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). "As a general matter, this court does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)

Petitioner's present motion requests relief from the entry of default on the grounds of FRCP 60(b)(4), because "the judgment is void," based on improper service, and FRCP 60(b)(6), "any other reason that justifies relief."  I will address each in turn.

3

### III. Analysis

**A. Rule 60(b)(4)**

Defendant argues that the judgment is void pursuant to Rule 60(b)(4) because service was not proper upon Defendant. "Where service of a complaint is improper, a default judgment 'is void and should be set aside.'" *J & J Sports Prods. v. Weiner*, 2014 WL 1096171, at *4 (E.D. Pa. Mar. 20, 2014) (quoting *Petrucelli v. Bohringer*, 46 F.3d 1298, 1303–04 (3d Cir. 1995) (further citations omitted)). However, in my December 17, 2014 order, I analyzed this issue and found that service had been properly effected:

> The applicable state law is Pennsylvania Code of Civil Procedure Rule 424: "Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: . . . (2) the manager, clerk, or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Plaintiff's process server handed a copy of the required documents to the man he was told on two separate occasions was in charge at Naomi Resort, Defendant's place of business. Thus, BNB effectively served Red Mansion with service by following the requirements of Pennsylvania Rule 424, as allowed by FRCP 4(h)(1)(a) and (e)(1).

(Doc. 11, 1-2.) This reasoning remains correct. Defendant argues that because the sole member of Red Mansion, LLC was out of the country when the notice was served, service was not proper. However, because the process server handed the required documents to the person in charge at the regular place of business of the LLC, service was proper. It is not material that the sole member of the LLC was out of the country. Thus, the default judgment will not be set aside pursuant to FRCP(b)(4), as Plaintiff accomplished service in accordance with the applicable rules.

**B. Rule 60(b)(6)**

Rule 60(b)(6) is the catch-all provision of Rule 60(b) allowing a judgment to be set aside for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion for relief from a default judgment is properly brought pursuant to Rule 60(b)(1) or 60(b)(6), *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011), and here, Defendant brings its motion pursuant to Rule 60(b)(6).

Plaintiff BNB argues that Defendant did not make its motion in a timely manner. Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60 (c)(1). This is a threshold matter.

Given the circumstances, Defendant's motion was made in a timely manner, as Defendant asserts that the sole member of the LLC was out of the country for a substantial period of the pendency of this litigation, and the motion to vacate was filed approximately six (6) months of the date of entry of default judgment.

"The determination of whether to set aside a default judgment under Rule 60(b) is not resolved by 'a rigid formula or [a] per se rule,' but is within the sound discretion of the court." *Paluch v. Dawson*, 2008 WL 4132960, at *2 (M.D. Pa. Sept. 3, 2008) (quoting *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419 (3d Cir. 1987)).

To determine if setting aside a default or default judgment is appropriate, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Sourcecorp Inc.*, 412 F. App'x at 459 (quoting *United States v. $55,518.05 in*

*United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).  "As a general matter, this court does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits."  *Zawadski de Bueno,* 822 F.2d at 420.  "Our Court's policy is one 'disfavoring default judgments and encouraging decisions on the merits.'"  *Nationwide Mut. Ins. v. Starlight Ballroom Dance Club,* 175 F. App'x 519, 521 (3d Cir. 2006) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)).

With respect to whether the plaintiff will be prejudiced by setting aside this default, there is no indication that any prejudice would result from permitting this matter to be adjudicated on the merits.  As the Third Circuit Court of Appeals has explained,

> "[d]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice."  *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656—57 (3d Cir.1982).  Prejudice is established instead when a plaintiff's "ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."  *Id*. at 657.

*Nationwide Mut. Ins.*, 175 F. App'x 523-24 (ellipses and brackets in original).  There are no grounds indicated similar to "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment," and Plaintiff's ability to pursue the claim will not be hindered.  *Id.*  Additionally, "the costs associated with continued litigation normally cannot constitute prejudice."  *Sourcecorp*, 412 F. App'x at 460.

Defendant has a meritorious defense in the underlying action, given that this is a mortgage foreclosure seeking repayment of funds owned to Plaintiff BNB, and Defendant asserts that it has the finances to meet its obligations to Plaintiff.  While Plaintiff calls this into question, there is no evidence that it is untrue, doubts are to be resolved in favor of setting aside the default.

Defendant also maintains that it has a meritorious defense in that the action was brought in the incorrect judicial district. However, this is not valid, as Monroe County, Pennsylvania, where the property at issue is located, is in the Middle District of Pennsylvania.

Upon review of the record, Defendant's default does not appear to be the result of the defendant's culpable conduct. The complaint in this action was properly filed in September 2014, and the entry of default, and then default judgment, occurred in January 2015. The record indicates that the sole member of the Defendant LLC was out of the country during much of the pendency of this action. While process was properly served upon a person in charge at the business location of Defendant, that person indicated that the sole member of the LLC was out of the country, and Plaintiff was aware of this. Given that doubts should be resolved in favor of setting aside the default and reaching the merits of a matter, the default was not the result of Defendant's culpable conduct. Therefore, Defendant's Motion for Relief from Judgment (Doc. 23) will be *granted*.

### IV. Conclusion

Based on the foregoing, Defendant's Motion for Relief from Judgment (Doc. 23) will be *granted*. An appropriate order follows.

August 12, 2015  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge