**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BNB HANA BANK NATIONAL ASSOCIATION, a national banking association, | CIVIL ACTION NO. 3:14-CV-01664 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| RED MANSION LLC d/b/a/ NAOMI VILLAGE RESORT, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Plaintiff BNB Hana Bank National Association's ("BNB") Motion for Sanctions Against Defendant Red Mansion LLC d/b/a Naomi Village Resort ("Red Mansion") and Defendant's Counsel. (Doc. 34.) BNB requests that sanctions be imposed against Red Mansion and their counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Because I find that the imposition of sanctions is unwarranted and unnecessary in this case, BNB's motion for sanctions will be denied.

**I. Background**

On August 26, 2014, Plaintiff BNB, a national banking association, initiated this mortgage foreclosure action by filing a Complaint against Defendant Red Mansion (Doc. 1), which was subsequently amended on September 10, 2014 (Doc. 6). BNB alleges that Red Mansion defaulted on its loan obligations on a piece of property to Plaintiff.

On November 26, 2014, Plaintiff filed a motion asking for authorization to file an Affidavit of Service based on proper service of Defendant pursuant to Fed. R. Civ. P. 4. (Doc. 10.) Plaintiff requested attorneys' fees and expenses incurred by Defendant's failure to waive service, as well as those incurred in filing the motion. (*Id.*). On December 17, 2014, I granted Plaintiff's motion, deeming that service was proper on Defendant. (Doc. 11.) However, I denied Plaintiff's request for attorneys' fees and expenses because Plaintiff had not demonstrated that the sole member of Red Mansion,

LLC, who had been out of the country, had failed to sign and return the waiver of service request "without good cause."

On January 7, 2015, BNB filed a Request for Entry of Default by Defendant Red Mansion pursuant to Fed. R. Civ. P. 55(a), as the time within which Defendant could respond to the Complaint had expired.  (Doc. 14.)  On January 8, the Clerk of Court entered a Default as to Red Mansion for failure to answer, plead, or otherwise respond to the Complaint.  (Doc. 15.)  On January 9, BNB filed an Application for Entry of Default Judgment in its favor against Red Mansion (Doc. 16), which the Clerk of Court entered on January 13, 2015 (Doc. 17).  The mortgaged property was scheduled for sale by the United States Marshal on July 16, 2015.  (*See* Doc. 34-15, at 2.)

However, on January 27, 2015, Defendant Red Mansion filed a motion to vacate the default judgment under Fed. R. Civ. P. 60(b).  (Doc. 23.)  The motion was fully briefed by both parties and on August 12, 2015, I granted Defendant's motion, finding that Plaintiff would not be prejudiced if the default judgment were vacated and that Defendant had a meritorious defense in the underlying action.  (*See* Docs. 30 & 31.)

On November 3, 2015, Plaintiff BNB filed the instant motion for sanctions against Defendant Red Mansion and its attorney, after having provided Red Mansion's counsel with the required twenty-one (21) days safe harbor notice and an additional ten (10) days to provide counsel further opportunity to confer with his client and review the public records.  (Doc. 34.)  Plaintiff argues that Defendant's Answer (Doc. 33) is "replete with frivolous assertions of law and fact," and therefore violates Rule 11.  (Doc. 34-15, at 4.) On November 17, 2015, Defendant filed a brief in opposition to Plaintiff's motion for sanctions (Doc. 36) and on November 23, 2015, Plaintiff filed its reply (Doc. 37).  The motion is now fully briefed and ripe for disposition.

## II. Discussion

Rule 11(b) of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or other paper--whether by   signing,   filing,   submitting,   or   later   advocating   it--an   attorney   or

> unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If after notice and a reasonable opportunity to respond, a court determines that Rule 11(b) has been violated, "the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added). The sanction imposed, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may "include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010). Sanctions under Rule 11 are to be applied only in the "exceptional circumstance" where a claim or motion is "patently unmeritorious or frivolous." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Moreover, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation

omitted).

A court should not impose Rule 11 sanctions so as to chill creativity or stifle enthusiasm or advocacy. *New Life Homecare, Inc. v. Blue Cross of Ne. Pa.*, No. 3:06-CV-2485, 2008 WL 534472, at *2 (M.D. Pa. Feb. 20, 2008). However, attorneys should "Stop, Think, Investigate and Research" before filing papers. *Gairardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). A court should test the signer's conduct by inquiring what was reasonable for the signer to believe at the time the pleading was filed. *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989). In gauging the reasonableness of an attorney's pre-filing inquiry, the Advisory Committee Notes to Rule 11 suggest consideration of four (4) factors: (1) the amount of time available to the signer for conducting the factual and legal investigation; (2) the necessity of relying on a client for the underlying factual information; (3) the plausibility of the legal position advocated; and (4) whether the case was referred to the signer by another member of the Bar. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988).

Here, Plaintiff argues that Defendant's dilatory tactics and frivolous assertions merit an award of sanctions. (*See* Doc. 34-15.) Specifically, Plaintiff points out that (1) Defendant's Answer violates Rule 11 because it contains different defenses than the Motion to Vacate the Judgment; (2) Paragraph 12 of Defendant's Answer violates Rule 11 by alleging facts that do not exist regarding Plaintiff's purported failure to provide Defendant with written Notice of Breach and asserts a legal defense negated by the statute that Defendant's counsel cites; (3) Defendant's Answer asserts that there is no jurisdiction over this matter without citing any legal authority; (4) Defendant's Answer makes several references to MERS (Mortgage Electronic Registration Systems, Inc.), even though there is nothing in the case that involves MERS; (5) Defendant's Answer includes duplicitous defenses based on a failure to mitigate damages, which have no legal or factual basis; and

(6) Paragraph 31 of Defendant's Answer "makes absolutely no sense whatsoever" and "is an absolute jumble of words."[1] Plaintiff also characterizes Defendant's conduct throughout this litigation as "dilatory" and highlights other instances of "frivolous assertions" made by Defendant, such as Defendant's previous assertion that venue was improper because Monroe County is not within the Middle District of Pennsylvania.

I decline to impose sanctions against Red Mansion and its counsel. Although it does appear that some of Defendant's assertions could have been more thoroughly investigated and developed, I do not find this to be the "exceptional circumstance" where sanctions are warranted, and I do not find that Defendant's claims have been "patently unmeritorious or frivolous" enough to justify sanctions. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Further, I am confident that Red Mansion's counsel is cognizant of his obligations under Rule 11 and will investigate the basis for his assertions more thoroughly in the future. For example, Defendant's counsel, Attorney Andrew Katsock, has since acknowledged that his assertion that Monroe County was not in the Middle District of Pennsylvania was a "good-faith mistake" on his part because he was confused with the fact that Monroe County is considered to be in the Eastern District of Pennsylvania by the Pennsylvania state appellate courts. (Doc. 36, at 12.) After discovery of his mistake, Attorney Katsock has not persisted with this contention. Therefore, I do not find that sanctions are warranted.

---

[1] Paragraph 31 of Defendant's Answer reads as follows:

> The acts of Plaintiff, alone and in concert with MERS and/or BNB Bank National Association, lack standing to prosecute this matter based upon the Uniform Commercial Code: Negotiable Instruments along with Assignments and Transfers of Mortgages under Pennsylvania law, the Pennsylvania Rules of Civil Procedure and Federal law and procedure. The Defendant alleges that there have been improper assignments of the mortgage or transfers of the note.

### III. Conclusion

For the above stated reasons, Plaintiff BNB Hana Bank National Association's motion for sanctions will be denied.

An appropriate order follows.


December 29, 2015                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge