# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEB HANA BANK USA, NATIONAL ASSOCIATION, a national banking association, | CIVIL ACTION NO. 3:14-CV-01664 |
| Plaintiff, | (MEHALCHICK, M.J.) |
| v. | |
| RED MANSION, LLC d/b/a NAOMI VILLAGE RESORT, | |
| Defendant. | |

## MEMORANDUM

Before the Court is a motion for summary judgment (Doc. 62), filed August 1, 2016 by Plaintiff KEB Hana Bank USA, National Association[1] ("Hana"). Hana seeks summary judgment in both mortgage foreclosure and *in personam* in the amount of $1,874,727.35, plus interest, as a result of the alleged default by Red Mansion, LLC.[2] (Doc. 62, at 4). Red Mansion counters that they have raised issues of material fact disputes regarding the initiation of the loan transaction and suffered "catastrophic damage" to the property not timely compensated by insurance, which caused the lapse in payments. (Doc. 64).

---

[1] Previously, BNB Hana Bank, National Association. Plaintiff underwent a name change on September 30, 2016. (Doc. 65).

[2] Red Mansion is a single-member limited liability company, with the sole principal being Jian Zheng. (Doc. 64, at 3).

## I. BACKGROUND AND PROCEDURAL HISTORY

Hana initiated the instant action on August 26, 2014. (Doc. 1). Having served the complaint and receiving no answer, Hana moved for default which was entered on January 8, 2015. (Doc. 15). Red Mansion moved to vacate the judgment on June 27, 2015, citing improper service, unavailability of the sole LLC member during the relevant time period, and a lack of prejudice to Hana should the default be opened. (Doc. 23). The Court found service proper, but vacated the default judgment, finding that Defendant had a meritorious defense in the action, and finding no indication of any prejudice resulting in adjudicating the matter on the merits. (Doc. 30; Doc. 31). On January 15, 2016, Hana filed a second amended complaint, per stipulation. (Doc. 41). Red Mansion filed an answer to the amended complaint on February 28, 2016 (Doc. 49). On August 1, 2016, Hana moved for summary judgment. (Doc. 62; Doc. 63). Red Mansion filed its brief in opposition on August 15, 2016. (Doc. 64). The matter is now ripe for disposition.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

### III. DISCUSSION

Hana avers that Red Mansion has admitted every necessary element for a mortgage foreclosure action.[3] "Upon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage either by foreclosure proceedings or by obtaining judgment on the bond accompanying the mortgage and issuing a writ of execution." *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. Ct. 1998) (citing *Elmwood Fed. Sav. Bank v. Parker*, 666 A.2d 721, 724 n. 6 (Pa. Super. Ct. 1995)). "In an action for mortgage foreclosure, the entry of

---

[3] "[Red Mansion] borrowed the money . . . had fallen behind in its payments . . . and had failed to pay real estate taxes as required by the mortgage." (Doc. 63, at 7).

summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham*, 714 A.2d at 1057 (citing *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)).

Summary judgment can only be made upon a complaint establishing not just the initial indebtedness but also with an itemized statement of the amount due and demand for such. *See* Pa. R. C. P. 1147(a)(5)-(6). As "[t]he sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property," the precise amount due on a mortgage is "essential." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. Ct. 2015) (quoting *Meco Realty Co. v. Burns*, 200 A.2d 869, 871 (Pa. 1964)).

Red Mansion has admitted the necessary elements to a mortgage foreclosure action and Hana provided adequate proof of the precise amount due. Red Mansion admits that it has not paid principal or interest since February 17, 2014. (Doc. 62-2, ¶ 19). Further, it admits the amount of the mortgage indebtedness. (Doc. 62-2, ¶ 7-11). While Red Mansion has advanced challenges to the amount owed in answering the second amended complaint, the fact that it does not admit the exact amount is immaterial. Red Mansion admitted the initial value of the mortgage and has not provided any evidence of attempted payments or specific challenges to the accounting provided by Hana. Hana supports its motion with the original mortgage (admitted by Red Mansion), reflecting the value admitted, dated December 23, 2009. (Doc. 62-1, at 15). From there, Hana has provided a detailed, sworn accounting that reflects payments, interest, and credits, running from December 28, 2009, to January 1, 2016. (Doc. 62-7). This accounting matches the demand made in the second amended complaint. (Doc. 41, at 3).

When a motion for summary judgment is made and supported as provided in [FED. R. CIV. P. 56], an adverse party may not rest upon the mere allegations or denials of his pleading, but . . . set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 fn. 3 (1986). As noted in Red Mansion's brief in opposition (Doc. 64), "[a]n issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Red Mansion fails to go beyond the pleadings, offering no evidence supporting its assertions resisting summary judgment. Summary judgment is proper in a mortgage proceeding, where only general denials are offered in opposition. *See New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. Ct. 1987).

In opposition, Red Mansion states that agents "may have acted improperly in inducing" Red Mansion into the loan transaction and that insurance payouts for a catastrophic event did not occur, preventing Red Mansion from making the mortgage payments. However, Red Mansion does not state even basic facts supporting a fraudulent inducement claim, let alone provide evidence to permit a jury finding of such. Further, the insurance dispute with a third party does not provide relief from summary judgment and the Court cannot deny summary judgment on a mortgage foreclosure for equitable reasons, as Red Mansion requests.[4]

---

[4] The Court notes that Local Rule 56.1, which governs motions for summary judgment in this Court, requires that a motion for summary judgment "be accompanied by a separate,

*(footnote continued on next page)*

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the motion for summary judgment of Plaintiff, KEB Hana Bank, National Association.

An appropriate Order will follow.

Dated: January 18, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." Further, "the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried." The statements of material facts supporting or opposing the motion "shall include references to the parts of the record that support the statements." Local Rule 56.1. Further, to comply with Local Rule 56.1, a party should (1) clearly and unequivocally admit or deny whether each fact contained in the movant's statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) **provide a citation to the record that supports any such denial**. *Occhipinti v. Bauer*, No. 3:13-CV-1875, 2016 WL 5844327, at *3 (M.D. Pa. Sept. 30, 2016) (emphasis added); *Park v. Veasie*, 2011 WL 1831708, *4 (M.D. Pa. 2011). "Unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F.Supp.2d 490, 493 (E.D.Pa. 2010).

In this case, neither party filed a statement of undisputed material facts, but Plaintiff, in moving for summary judgment, filed a document titled "Motion for Summary Judgment" (Doc. 62), which includes a list of undisputed facts, and citations to the evidentiary record. Defendant has not filed any response to that, filing only a Brief in Opposition (Doc. 64).