# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEB HANA BANK USA, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>RED MANSION, LLC d/b/a NAOMI VILLAGE RESORT,<br><br>Defendant. | CIVIL ACTION NO. 3:14-CV-01664<br><br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

Before the Court is a motion to confirm the marshal's sale of real property following grant of summary judgment in favor of the Plaintiff, foreclosure, and conduction of a public sale of the property. The Defendant asserts that the sale conducted on May 24, 2017 was faulty due to an incorrect address in advertisements that suppressed interest in the property, and an inadequate price garnered by the sale. For the reasons contained within this memorandum, the Court finds that the sale was procedurally sound, and that Plaintiff's motion is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

As the Court writes primarily for the parties, most of the factual background is omitted from this memorandum.

On August 26, 2014, Plaintiff initiated the instant action, asserting that Defendant defaulted on a mortgage for real property located at "2743 Route 390 North, Mountainhome, Monroe County, Pennsylvania." (Doc. 1). In its complaint and subsequent amendment, Plaintiff identified the address of the encumbered property as 2743 Route 390 North, Mountainhome, Monroe County, Pennsylvania, and the Defendant's principal address as 2473

Route 390 North, Mountainhome, Monroe County, Pennsylvania. (Doc. 1; Doc. 6). On January 8, 2015, default judgment was entered, as the Defendant had not responded to the complaint despite execution of service on December 19, 2014. (Doc. 15). In an August 12, 2015 Memorandum and Order, Judge Caputo vacated the default judgment, having determined that while service was properly effectuated, the Plaintiff would not be prejudiced by seeing the matter resolved through full proceedings as opposed to entry of default. (Doc. 30).

Defendant answered the complaint on August 26, 2015, admitting to the addresses identified and to the Note securing the mortgage. (Doc. 33). The parties then proceeded through the discovery phase, during which consent to proceed before the undersigned was entered. On January 15, 2016, Plaintiff filed a second amended complaint, identifying the same addresses as before. (Doc. 41). Defendant answered on February 28, 2016, this time admitting the validity of the business address identified, but denying the accuracy of the address identifying the location of encumbered property. (Doc. 49).

On August 1, 2016, Plaintiff moved for summary judgment, which the Court granted on January 18, 2017. (Doc. 62; Doc. 66; Doc. 67). Plaintiff then conducted a sale of the property on May 24, 2017, filing the instant motion to confirm the sale on May 30, 2017. (Doc. 76; Doc. 77). Defendant objected on June 1, 2017, arguing that the advertisements for the sale contained an incorrect address, preventing potential bidders from attending, and was therefore invalid. (Doc. 78).[1] Defendant states that the correct address for the property is 2374 Route 390 Barrett Township, Mountainhome, Pennsylvania, whereas advertisements for the property identified

---

[1] Doc. 78 and Doc. 79 appear to be the same, thus only one is referenced.

the address as 2473 Route 390, Barrett Township, Mountainhome, Pennsylvania. (Doc. 78). Further, Defendant states that the sale netted only $305,000, which they state is an inadequate sum. (Doc. 78). Plaintiff counters that: the address identified by Defendant is not recognized by the United States Postal Service; advertisements in the Monroe Legal Reporter and Pocono Record identify the address as "2743 Route 390 North, Barrett Township, Monroe County, Mountainhome, PA 18342"; the address posted in advertisements mirrors the address on the mortgage, sworn to by both Defendant's principal and counsel, as well as in all loan documents, a loan-related appraisal from 2009, and title report issued by Commonwealth Land Title Insurance Company on January 30, 2017. (Doc. 80). Further, Plaintiff states the sales price was $325,000 and comported with all legal requirements. (Doc. 80).

## II. DISCUSSION

The doctrine of estoppel plainly precludes a challenge to the address identified in advertisements for the sale of the property in question. Estoppel is a "bar that prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true." *Estoppel*, BLACK'S LAW DICTIONARY (10th ed. 2014). In a sworn affidavit by Jian Zheng, managing member of the Defendant LLC, Zheng attests that the parties entered into a loan agreement secured by a mortgage for "real estate and improvements being operated as Naomi Village Resort at 2743 Route 390 North, Mountainhome, Monroe County, Pennsylvania." (Doc. 36-4). Counsel repeated the same in his brief in opposition to Rule 11 sanctions. (Doc. 36, at 7). Further, Defendant twice admitted to the accuracy of this address in answering Plaintiff's complaints. On the third occasion, Defendant merely agreed that "a promissory note and mortgage were executed on December 23, 2009." (Doc. 49, ¶ 6). This is the same date as conceded by Defendant for the loan and mortgage, a copy of which reflects the

- 3 -

same address as attested to and contained in advertisements for the marshal's sale. Having already sworn that the address for the property is "2743" and not "2374," Defendant is estopped from now asserting the address identified is incorrect. Further, the loan and mortgage documents all reflect that the address for the property is indeed "2743."

In any event, the Court finds that the advertisements for the sale comport with Pennsylvania law. Plaintiff has provided copies of publication from a newspaper of general circulation in the county and a relevant legal publication as required for effective notice. PA. R. CIV. P. 3129.2(d). (Doc. 80-2; Doc. 80-3). This notice contains "a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of the sale" and required distribution notices. PA. R. CIV. P. 3129.2(b)(1)-(3). As Defendant's challenge is to the noticed location, and this Court is satisfied that the location noticed mirrors the location provided by all loan and mortgage documents as well as that provided in these proceedings, Defendant's argument is without merit.

However, assuming *arguendo* that the location provided is inaccurate, the Court still finds that the advertisements accurately conveyed all required information. Under Pennsylvania law, the description of property sales requires "sufficient information to put any prospective bidder on notice as to the location and the general nature of the property subject to the sale." *Penn Sec. Bank & Trust Co. v. Matchulat*, 30 Pa. D & C.3d 427, 431 (Lackawanna Cty. Ct. Com. Pl. 1983). *See Orlando v. Butler & Orlando*, 54 Pa. D. & C. 554, 555 (Delaware Cty. Ct. Com. Pl. 1946) ("It is the object of a description of real estate in an advertisement of sale to give full notice to the public so as to arrest the attention and excite the inquiries of all who are able and disposed to purchase."). A notice is not fatally insufficient by virtue of providing an inaccurate

street number of the property to be sold. In fact, a notice is not fatally insufficient even where it provides no street number at all. *Shimkus v. Klimatis*, 105 A.2d 592, 593 (Pa. 1954). The advertisements in the present case contained parcel and pin numbers for "eleven tracts and pieces or panels of land with improvements" comprising the property sold. (Doc. 80-2; Doc. 80-3). Any prospective bidder could easily determine the true location and bounds of the property for sale.

Where the formalities of a sale are met, the sale will not be set aside and the price received will be deemed a reflective value of the property. Defendant argues that the price received is plainly inadequate and evidences suppressed bidding. (Doc. 81). In support, it points out that the property was initially purchased for $1,800,000, while the marshal's sale net only $305,000 (though the Plaintiff states the price was actually $325,000).

At either amount, the Court does not find that the price fetched at the marshal's sale was grossly inadequate. "Without some assurance of a substantially higher bid, the assumption that a higher price could be obtained is pure speculation." *Matchulat*, 30 Pa. D. & C.3d at 431 (citing *Shimkus*, 105 A.2 592). Mere speculation is not adequate justification to cancel a sale. *Matchulat*, 30 Pa. D. & C.3d at 431 (citing *Senge v. Border*, 181 A. 509 (Pa. 1935)). The Defendant has not provided any evidence of a substantially higher bid that would permit the Court to cancel the marshal's sale.

### III. CONCLUSION

The Court finds that the sale conducted of the property located at 2743 Route 390 North, Mountainhome, Monroe County, Pennsylvania, in connection with the judgment entered in this case, is sound and binding upon the parties. Defendant attested that the aforementioned address was indeed the address for the property in question. Further, ample

evidence supports that this address matches the address contained on the mortgage attached to the property and the advertisements listing the property for sale. Further, to the extent the address could have been inaccurate, the advertisements for the sale were nonetheless sufficient to put any prospective bidders on notice, and no evidence has been provided of a substantially higher bid that would permit the inference that the bid accepted was grossly inadequate under Pennsylvania law. As a result of the foregoing, Plaintiff's motion to confirm the marshal's sale of the property is hereby **GRANTED**.

An appropriate Order follows.

**Dated: September 5, 2017**                                *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**